# JANUARY TERM, 1887.*

The People, ex rel. Carrie Pangborn, v. Fred Smith.

*Bastardy proceedings—Recognizance—Plea in abatement.*[1]

1. Proceedings under the bastardy act are neither strictly criminal nor civil in their nature, but partake of the character of both, the complainant being interested in such proceedings, which are largely for her benefit.

2. Proceedings under the bastardy statute before a justice are merely preliminary to a trial of the issue in the circuit court, and the recognizance required to be given by the accused is designed to secure his personal appearance before that court, in which he cannot appear by attorney merely, without appearing also in person.

3. Such proceedings are purely statutory, the jurisdiction conferred being special, and the several steps to be taken are pointed out by the statute. No formal issue is necessary, the complaint standing in place of a declaration, to which no plea is required by the accused; and the facts charged in such complaint, if not admitted, are to be inquired into in the circuit court, the issue to the jury being the guilt or innocence of the accused.

4. A plea in abatement is inadmissible, in proceedings under the bastardy statute, after the defendant has recognized to appear in the circuit court and answer to the complaint.

So *held*, where the proceedings were abandoned, and new ones instituted and certified to the circuit court, where the defendant pleaded in abatement the pendency of the first proceedings, which had not been so certified until after the second complaint was made and warrant issued.

Certiorari to Cass. (Pealer, J., presiding). Argued January 27, 1887. Decided February 3, 1887.

---

* Continued from Vol. 64.

[1] For full digest of points decided, see *Table of Cases Reported.*

Certiorari to review a judgment for the defendant in pro-
ceedings under the bastardy statute. Reversed, and plea in
abatement and replication struck from files, and proceed-
ings restored as they were before such plea was interposed.
The facts are stated in the opinion.

*J. R. Carr*, prosecuting attorney, for petitioner.

*Spafford Tryon*, for respondent.

CHAMPLIN, J. Carrie Pangborn made complaint June 11,
1886, before Daniel S. Jones, a justice of the peace, charg-
ing Fred Smith with being the father of her unborn child.
He was arrested and brought before the justice, June 12, 1886,
and waived examination in relation to said charge. The
justice thereupon made an order that, it appearing to him—

"That said offense had been committed, and that there is
probable cause to believe said Fred Smith to be guilty of the
commission thereof, I, the said justice, did therefore order
the said Fred Smith to enter into a recognizance, with suffi-
cient sureties, in the sum of four hundred dollars for his
appearance at the next term of the circuit court, and on the
first day of said term, to answer the said charge."

The accused then entered into a recognizance, and there-
upon was discharged.

This recognizance was conditioned—

"That if the said Fred Smith shall be and appear person-
ally at the next term of the circuit court to be held in
and for the county of Cass on the —— day of ——, A. D.
1886, at Cassopolis, in said county, then and there to answer
to an indictment to be preferred against him for the offense
above mentioned, and to do and receive what shall then and
there by the court be enjoined upon him, and shall not depart
the court without leave, then this recognizance to be void."

After the accused was discharged, and being advised that
the recognizance was null and void as not being in com-
pliance with the statute, the said Carrie Pangborn, on the
ninth day of July, 1886, made a second complaint before the
same justice against the said Fred Smith, charging him with

being the father of her child, which, if born alive, would be a bastard.    The justice issued a warrant, and Smith was arrested, and brought before the magistrate, and, after hearing him in his defense, said justice ordered him to enter into a recognizance in the sum of $400, conditioned to appear and answer to the complaint at the next term of the circuit court for the county of Cass, and to abide the order of the court thereon; whereupon said Smith did enter into the recognizance required by section 2005 of Howell's Statutes, with sureties satisfactory to the justice, and was thereupon discharged from custody, and left the State of Michigan, and went to the State of Indiana.   The complaint first made, and the recognizance given thereon, were not filed with the clerk of the circuit court when the second complaint was made and warrant issued, but were treated as a nullity by the complaining witness and prosecuting attorney.

Before the proceedings under the second complaint were concluded before the justice, and on the sixteenth day of July, 1886, the said first complaint, and proceedings under it, and the first recognizance, were filed with the clerk of the circuit court.   The second complaint, and proceedings, and recognizance given therein, were filed with said clerk on the twenty-third day of August, 1886.   The first day of the next regular term commenced on the twenty-seventh day of September, 1886, and the prosecuting attorney, treating the first proceedings as a nullity, placed the proceedings commenced on the ninth day of July upon the calendar of the circuit court for trial.   Smith did not appear in person, but made default after having been called.

On the twenty-seventh of September, aforesaid, Spafford Tryon, Esq., appeared as attorney for said Fred Smith in the second case, and interposed thereto a plea in abatement, setting up the pendency of the aforesaid first proceedings.  This plea was not signed by Fred Smith in person, but purports to be signed, "Fred Smith, by Spafford Tryon, his attorney," and

is verified by Tryon. Replication was interposed by the prosecuting attorney, denying the pendency in that court of said first proceedings, either at the time of the arrest of the said Smith upon the warrant issued upon the second complaint, or at the time of putting in the replication. A trial was had upon the plea, and the court, without finding the truth of the matters set up in the plea, gave judgment as upon a demurrer to the plea, as appears by the record as follows:

"The plea in abatement in said cause coming on. to be tried, and after hearing the proof and arguments of counsel, and after due deliberation had, it appearing to the court that the plea of the said defendant, by him pleaded in abatement, and the matters therein contained, are sufficient in law to quash the warrant, complaint, and accusation in said cause, therefore it is considered that the complaint, warrant, and accusation be quashed, and that the defendant go hence without day."

The complainant, Carrie Pangborn, brings the record here by *certiorari*.

The proceedings in cases of this kind are neither strictly criminal nor civil in their nature, but partake of the character of both. So far as they aim to protect the public, they are *quasi* criminal. The complainant is also interested in the proceedings, and they are largely for her benefit. The proceedings before the justice are merely preliminary to a trial of the issue in the circuit court. The recognizance is designed to secure the personal appearance of the accused before that court, and he cannot appear in that court by attorney merely, without appearing also personally. The recognizance given to secure the personal appearance of Smith in the first proceedings was not such as the statute required. We are not called upon to decide now whether it was absolutely void or not. These proceedings are purely statutory, and the jurisdiction conferred is special, and the several steps to be taken are pointed out by the statute. No

formal issue is necessary. The complaint stands in place of a declaration, and no plea on the part of the accused is required to be entered. The facts stated in the complaint, if not admitted, are to be inquired into in the circuit court, and the issue to the jury is whether the defendant is guilty or not guilty.·

If a plea in abatement would be admissible at any time, it is not admissible after the defendant has recognized to appear in the circuit court and answer to the complaint. Whether the plea could have been interposed when he was arrested the second time, and brought before the justice, we do not determine; but it is clearly too late after the defendant has made his defense before the justice, and entered into the required recognizance. When this·has been done, the statute points out what shall be done in the circuit court. A trial must be had of the facts charged in the complaint, unless he admits the charge; and, if found guilty, he shall be adjudged the father of the child, and shall stand chargeable with the maintenance thereof, with the assistance of the mother, in such manner as the court shall direct.

The proceedings in the circuit court were irregular and unauthorized, and the judgment must be reversed, the plea and replication struck from the files, and the proceedings restored as they were before such plea in abatement was interposed; and it is so ordered.

The other Justices concurred.