*In the matter of the Petition of* NEWTON H. LEE *for a Writ of Habeas Corpus.*

BASTARDY — *Prosecution* — *Venue.* A prosecution under the act providing for the maintenance and support of illegitimate children is not local, but may be brought in any county or before any justice of the peace of the state; and the warrant issued by a justice of the peace may go to and be served in any part of the state where the defendant may be found.

*Original Proceeding in Habeas Corpus.*

THE material facts appear in the opinion, filed at the session of the court in April, 1889.

*R. C. Heizer*, and *J. T. Pringle*, for petitioner.
*Frank L. Irish*, contra.

The opinion of the court was delivered by

JOHNSTON, J.: Upon a writ of *habeas corpus* granted by this court and directed to the sheriff of Riley county, he returned as the cause for the detention of the petitioner a commitment issued by a justice of the peace of Riley county, reciting that Newton H. Lee had been arrested and brought before him upon a warrant issued by him on a complaint of bastardy made against Lee by Mary Thomas, an unmarried woman and a resident of Riley county; that Mary Thomas was examined in the presence of Lee, and such proceedings were had that Lee was ordered to enter into a recognizance, with security, in the sum of $300, for his appearance at the next term of the district court of Riley county, to answer the charge of bastardy preferred against him; and that Lee having refused and neglected to enter into a recognizance, the sheriff was directed to receive him into custody in the jail of the county, there to remain until he was discharged by due course of law.

When Lee was arrested and brought before the justice of the peace he objected to any further proceedings being taken, asserting that the court had no jurisdiction over the subject-matter of the suit or of the person of the defendant, for the reason that the warrant was served upon him, and he was arrested by virtue thereof in the county of Osage, and not in the county of Riley, where the proceeding was begun and the warrant issued. For the same reason he now urges that his restraint is illegal, alleging that at the time of his arrest he was in Osage and not in Riley county, and that the justice of the peace acquired no jurisdiction or authority over him by

virtue of a service of the warrant outside of Riley county. The jurisdiction of the justice of the peace and the legality of the petitioner's restraint must be ascertained from the bastardy act, and the nature of the proceeding there authorized. (Comp. Laws of 1885, ch. 47.)    If it is a civil action it must be brought in the county where the defendant resides or may be summoned; and if it is a criminal proceeding to inflict punishment upon persons committing crimes, the jurisdiction would be in the county where the crime was committed, but the warrant might go to and be served in any part of the state.    But it is not strictly either a civil or a criminal proceeding, although its form and incidents partake somewhat of the nature of both.    It is a police regulation, not for the punishment of crime, but requiring the putative father to provide maintenance and education for his offspring, and thus provide for the child, relieve its mother, and indemnify the public for the possible burden of its support. (*Willetts v. Jeffries*, 5 Kas. 470; *Jackson v. The State*, 30 id. 88; *Gleason v. Comm'rs of McPherson Co.*, 30 id. 492; *In re Wheeler*, 34 id. 96.)    The action has many of the characteristics of a criminal proceeding.    It is denominated a "prosecution," which is brought in the name of the state, based on a complaint upon which a warrant is issued.    Under this warrant the person charged is arrested and brought before a justice of the peace, and the hearing had before him is called a "preliminary examination."    The complainant is termed a "prosecuting witness," and the county attorney is required to conduct the prosecution.    If the defendant is adjudged by the justice of the peace to be the father of the child, he is required to give a recognizance, conditioned that he will appear in the district court; and failing in this, he is committed to jail.    If he fails to comply with the final judgment of the district court, he may be imprisoned in the jail of the county.    Although the purpose of the action is not to punish the father, it will be seen that it has many of the features and incidents of a criminal prosecution.    Other provisions of the act, however, are entirely inconsistent with criminal procedure.    It is expressly provided

that the rules of evidence and the competency of witnesses shall be the same as in civil cases. The mother may at any time before final judgment compromise with the father, and discontinue the suit by entering of record the admission that provision for the maintenance of the child has been made to her satisfaction; and this entry is a bar to all prosecutions for the same cause and purpose. Then again, if the putative father dies after the hearing before the justice of the peace, the right of action survives, and may be prosecuted against the personal representatives of the deceased. Upon the judgment — which is somewhat anomalous — an ordinary execution may be issued, which is to be executed as in other cases. More than this, it is provided in § 8 of the act that "the trial and proceedings of such prosecution, both before the justice and in the district court, shall, in all respects not herein otherwise provided for, be governed by the law regulating civil actions." · Following this provision, the proceeding must be regarded as a civil one, and civil procedure must govern it in all respects not otherwise provided for in the act. The act, however, as already indicated, prescribes much of the procedure to be applied, which differs in many respects from that found in the civil code, and hence some confusion arises. But the procedure thus prescribed, although of a criminal nature, must be pursued. The remedy is a stringent and summary one, and to effect its purpose the legislature has deemed it wise to authorize the employment of both criminal and civil procedure. The initiatory steps in the proceeding are mostly of a criminal character, and doubtless they are much more effective than any other in accomplishing the legislative object. According to the direction of § 8, if the act did not provide where the proceeding should be commenced and what process should be used, the action would be begun in the county where service could be obtained on the defendant, and the process must be a summons to be served as the civil code provides. But as we have seen, the act is not silent on that subject. It provides that the proceeding may be begun before *any* justice of the peace, and hence in any county or township of the

21—41 KAS.

state.   In a strictly civil action, the defendant may be served by leaving a copy of the summons at his usual place of residence; and when so served a judgment may be given against him in his absence.   Under this act, the justice must cause the defendant to be brought *before him* upon a warrant; and until the defendant is brought before the justice the trial cannot proceed, and judgment cannot be rendered.   Nothing in the act localizes the action or limits the prosecuting witness in bringing the same to the county where she resides or has a legal settlement, as is done by the statutes of some of the states.

In view of the fact that the prosecution may be instituted before any justice of the peace of the state, it is immaterial where the complainant became pregnant, or where the child was born, or what county might become chargeable with the maintenance of the child.   Being "otherwise provided" in the bastardy act, the provisions of the code as to where actions shall be commenced, do not apply; and the same is true as to the process.   Instead of beginning the action by the issuance of a summons, as in civil cases, criminal procedure is employed by filing a complaint on which a warrant is issued, and upon this warrant the defendant is arrested.   The process or warrant, being of a criminal character, may be served in the same manner as warrants are served in criminal cases, and therefore. is not limited to the county from which it issued, as would be the case with a summons; but the defendant may be arrested thereon wherever he may be found within the state.   It follows that the proceeding against the petitioner was properly instituted before the justice of the peace of Riley county, and that the warrant was rightly served upon the defendant in Osage county.

A further objection is made to the legality of the petitioner's restraint, because the commitment does not show upon its face that on the hearing the justice of the peace adjudged Lee to be the father of the bastard child.   This objection is not good on *habeas corpus.*   The statute provides that if the justice on the hearing adjudges the defendant to be the father of the

child, he shall require him to enter into a recognizance. The mittimus in the present case recites that a hearing was had upon the charge that he was the father of the child, and such proceedings were had that he was ordered to enter into a recognizance. As the recognizance was required, it implies that the proper finding was made, and we may fairly infer from the terms of the mittimus that the defendant was duly adjudged to be the father of the bastard child.

The petitioner will be remanded to the custody of the sheriff of Riley county.

All the Justices concurring.