## STATE v. SCOTT.

The provisions of Chapter 24, Laws 1893, conferring jurisdiction in bastardy proceedings upon county courts, are not in conflict with the provisions of Sections 20, 21, Art. 5, of the state constitution, limiting the jurisdiction that may be conferred upon such courts.

(Syllabus by the Court. Opinion filed Oct. 28, 1895.)

Error to Minnehaha county court. Hon. E. PARLIMAN, Judge.

John B. Scott was convicted on a complaint for bastardy, and brings error. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge* and *Henry Robertson*, for plaintiff in error.

Proceedings under Chap. 24 of Session Laws of 1893, are *quasi* criminal. Van Tassel v. State, 59 Wis. 351.

*Coe I. Crawford*, Attorney General, and *D. R. Bailey*, State's Attorney, for the defendant in error.

The proof, under bastardy proceedings, as to the paternity of the child, need not be sufficient to establish the fact beyond a reasonable doubt, a preponderance of the evidence is sufficient. Baker v. State, 47 Wis. 111; Van Tassel v. State, 59 Wis. 351; Hodgson v. Nickell, 34 N. W. 118; Bookhaut v. State, 28 *Id.* 180.

CORSON, P. J. The proceedings in this case were had under the bastardy act, being Chapter 24, Laws 1893. The verdict and judgment were in favor of the state, and the defendant brings the same to this court for review by writ of error.

A motion was made in the court below to dismiss the proceedings, and also in arrest of judgment, on the ground that the act above referred to conferred upon county courts jurisdiction in contravention of the state constitution. These motions were overruled, and the defendant excepted. The only question presented for review is as to the constitutionality of the bastardy act. That act provides that a complaint on oath may be made to a justice of the peace, who, if he is "of the opinion that sufficient cause appear," may require the party charged to enter into a bond for his appearance at the next term of the county court. It further provides for a trial in the latter court, and, if the issue is found against the defendant, that he shall be adjudged to pay a sum not exceeding $300 for the support of the child for the first year, and not exceeding $150 yearly for 12 years thereafter. It will thus be seen that the amount that may be ordered paid by the county judge may amount to $2,100. In this case the plaintiff in error was adjudged to pay $200 for the first year, and $100 yearly for 12 years thereafter, making a total of $1,400.

The learned counsel for the plaintiff in error contend that as, by the constitution, the jurisdiction of the county court is limited to cases where the debt, claim, demand, or value of the property does not exceed $1,000, the law is unconstitutional and void. The learned attorney general contends that the constitutional limitation only applies to the civil jurisdiction of that court, and that the proceedings held under the bastardy act are *quasi* criminal in their nature, and do not therefore conflict with the constitutional provisions. While there is a conflict in the authorities, the contention of the attorney general seems to be supported by the decisions of courts entitled to great consideration. The states holding that the proceedings in such cases partake of both a criminal and a civil nature are Alabama (Smith v. State, 73 Ala. 11); Ill-

inois (Holcolm v. People, 79 Ill. 409); Kansas (*In re* Lee, 41 Kan. 318, 21 Pac. 282); Massachusetts (Cummings v. Hodgdon, 13 Metc. 246); Michigan (People v. Smith, 65 Mich. 1, 31 N. W. 599); Wisconsin (Van Tassel v. State, 59 Wis, 351, 18 N. W. 328); Georgia (Davis v. State, 58 Ga. 171); Florida (Wm. H. T. v. State, 18 Fla. 883); Ohio (Devinney v. State, Wright [Ohio] 564.) See Enc. Prac. & Pl. p. 268, and cases cited. One of the headnotes to Holcomb v. People, *supra*, reads as follows: "Although a proceeding under the bastardy act is so far a civil suit as that it may be compromised, yet, so far as the arrest and trial are concerned, and the means of coercing a compliance with the order of the court, or having execution of the judgment, it is essentially criminal in form and effect, and is a matter in which the public have an interest." And in Smith v. State, *supra*, it is said in the headnote: "A bastardy proceeding, under the statute, is penal, but is strictly neither criminal nor civil, partaking, as it does, somewhat of the nature of both." *In re* Lee, *supra*, the court says: "The remedy is a stringent and summary one, and, to effect, its purpose, the legislature has deemed it wise to authorize the employment of the criminal and civil procedure. The initiatory steps in the proceeding are mostly of a criminal character, and doubtless they are much more effective than any other in accomplishing the legislative object." In this state the proceedings seem to partake of a criminal as well as of a civil character, as they are instituted and prosecuted in the name of the state, and are commenced by a complaint under oath made to a justice of the peace, and a warrant issued thereon; and the defendant, upon sufficient cause appearing therefor, is held to answer the charge, and required to give bail for his appearance at the next term of the county court. These proceedings, therefore, in this state, come within the term "*quasi* criminal" or "special" proceedings; not "special" in the sense in which that term is used in the Code of Civil Procedure, but special as not being either "criminal" or "civil" in the strict sense of those terms. There would therefore seem to be no debt, damage, claim, or value of property involved, in the sense in which those terms

are used in the constitutional limitation specified in Section 20, Art. 5, but such proceedings would seem to come within the clause "such other civil and criminal jurisdiction as may be conferred by law."

The section of the constitution referred to reads as follows: "The county court  *  *  *  shall have such other civil and criminal jurisdiction as may be conferred by law; provided, that such courts shall not have jurisdiction in any case where the debt, damage, claim or value of  *  *  *  property involved shall exceed one thousand dollars." And Section 21 of the same article provides that county courts shall not have jurisdiction in cases of felony, nor shall criminal cases therein be prosecuted by indictment. It will therefore be seen that it was competent for the legislature to confer civil and criminal jurisdiction upon county courts, subject only to the limitation that the amount of debt, damages, claim, or value of the property involved in civil cases should not exceed $1,000, and that the jurisdiction in criminal cases should not extend to cases of felony, or be presented by indictment. It seems to us quite clear that the proceedings under the act in question do not come within the limitation in the proviso to Section 20, nor the limitation in Section 21. Such being the case, the legislature had the power to confer upon county courts jurisdiction in the class of cases specified in Chapter 24. The cases provided for in that chapter seem to be included in "such other civil and criminal jurisdiction as may be conferred by law." "Conferred by law" contemplates that the legislature has the power to confer such jurisdiction as it may deem proper, subject only to the limitations above specified. We conclude, therefore that there is no conflict between the act in question and the constitution.

But it is further contended that by Chapter 64, Laws 1893, all civil and criminal jurisdiction, except in probate matters, was taken away from all the county courts of the state, except in two counties, and that, therefore, the act must necessarily be invalid. It will be noticed, however, that that act did not go into effect until January, 1895, long after these proceedings were had, and hence it is not necessary to pass upon that question at this time.

These conclusions lead to an affirmance of the judgment of the court below, and the same is affirmed,