## STATE v. HUGHES.

1. Where the testimony of a witness not a party to the action is sought to be impeached by inconsistent statements out of court, it is necessary that the witness' attention should be called to the time, place, and person to whom the alleged statements were made, and to the specific statements.

2. In bastardy proceedings, it is harmless error to strike out testimony of the complaining witness, admitted without objection, that she was a cousin of defendant.

3. Error in sustaining an objection to a question is harmless where the witness subsequently answers the question.

4. Laws 1893, Chap. 24, changing the method of enforcing the liability of the father of a bastard, is not an *ex post facto* law as applied to a defendant whose intercourse with the complaining witness was had before the passage of the act. State v. Bunker (S. D.), 65 N. W. 33, followed.

5. Laws 1893, Chap. 24, conferring on the county courts jurisdiction in bastardy proceedings, is constitutional. State v. Scott (S. D.), 65 N. W. 31, followed.

(Syllabus by the Court. Opinion filed April 7, 1896.)

Appeal from Davison county court. Hon. E. S. JOHNSTON, Judge.

Bastardy proceedings by the state against Newton Hughes. From a judgment against defendant, he appeals. Affirmed.

The facts are stated in the opinion.

*Preston & Hannett*, for appellant.

This is a criminal action. Chap. 24, Laws 1893. The county courts of this state are courts of limited jurisdiction, and can exercise only such jurisdiction as is conferred on them by the constitution and the legislature in accordance with the terms of the constitution. Nelson v. Ladd, 4 S. D. 1, 54 N. W.

809; Ayers *et al.* v. Sundback, 5 S. D. 31. Courts will so construe the statute that it will not conflict with the constitution if it is susceptible of such construction. Sedgwick on Con. of Statutes, 409–410; Cooper v. Fellfair, 4 Dall. (U. S.), 18; Rich v. Flanders, 39 N. H. 304; Bridge Co. v. Union Fair Co., 29 Conn. 210; Kerrigan, 68 N. Y., 385; Morrison v. Springer, 15 Iowa, 304; People v. Ry. Co., 35 Cal. 606; Cowley v. State, 11 Oregon, 512; Cooley's Const. Lim., 182, 3 Am. & Eng. Ency. Law, 674, note 1.

*H. J. Mohr,* for respondent.

This is not a criminal action. Duffies v. State, 7 Wis. 568; State v. Jager, 19 Wis. 251. The father of an illegitimate child, begotten under a former act, but born under a new act, may be compelled to contribute to its support by a prosecution under the latter. Suth. Stat. Constr., § 465, citing Willetts v. Jeffries, 5 Kans. 470. And in criminal cases changes in the modes of procedure apply to past transactions. Cooley Const. Lim., (6 Ed.), 326–7; 1 Bish. New Cr. L., § 283, 3. If a part of the statute can be stricken out, and the remainder still remain complete in itself and capable of being executed in accordance with the apparant legislative intent, wholly independent of the rejected portion, the statute must be sustained. State v. Morgan, 2 S. D. 32; Cooley Const. Lim. 209–214. The state may establish the fact of the child's parentage by a preponderance of evidence. Rice Cr. Ev. § 549; Bailey Confl. Jud. Dec. 85; 2 Am. & Eng. Ency. Law, 145; 56 Am. Dec., note, p. 216, (2 Ed.); Seman v. People (Mich.), 3 N. W. 304; State v. Nicholls (Minn.), 13 N. W. 153; Strickler v. Grass (Neb.), 49 N. W. 804; Robb v. Hewitt (Neb.), 58 N. W. 88; Edmund v. State (Fla.), 6 So., 58. To make available an exception taken to the refusal of the court to allow a witness to answer a question, the bill of exceptions must show what fact was expected to be elicited by the question. Kelly v. Highfield, 14 Pac. 744; Tucker v. Constable, 19 Pac. 13; Gage Mfg. Co. v. Parr, 138 Mass. 462; Safford v. Grout, 120 Mass. 20.

CORSON, P. J.    This was a bastardy proceeding in which a verdict and judgment were rendered for the state, and the defendant appeals.

At the opening of the trial, the defendant objected to the introduction of any evidence, upon the ground that the act of 1893, being Chap. 24, Sess. Laws 1893, was unconstitutional, in that it purported to confer jurisdiction upon county courts in cases where the debt, damage, or claim involved exceeded $1,000. The constitutionality of that law was fully considered by this court in State v. Scott, 65 N. W. 31, and the conclusion reached that it was not in conflict with the state constitution. The same question was presented in State v. Bunker, Id. 33, in which the ruling of this court was the same. Appellant's objection was therefore properly overruled.

The appellant, in his ninth instruction requested, raises the further point that, the law having been passed subsequent to his intercourse with Kate Earl, the mother of the child, the law of 1893 was *ex post facto* as to him. The same question was raised and decided in State v. Bunker, *supra*. Ruled by that decision, the court below committed no error in refusing the instruction requested.

It is further contended by appellant that the court erred in instructing the jury that the state was only required to establish the fact that the appellant was the father of the child by a preponderance of the evidence. This precise question was also decided in State v. Bunker, *supra*, adversely to the contention of the appellant. Under the ruling in that case, the court below committed no error in giving that instruction.

On the trial, Kate Earl, the mother of the illegitimate child, was examined as a witness on the part of the plaintiff, and on cross-examination she was asked the following question: "Do you remember of having a conversation with Mrs. Hughes, the stepmother of appellant, at her home, about the 24th day of July, 1893, regarding this matter?" The abstract shows that the question was objected to, the objection sustained, and ex-

ception taken. But it also shows that the witness proceeded to detail the conversation that she had with Mrs. Hughes at about that time, without further objection. The objection was properly sustained, as the question was not in cross-examination of any matter to which the witness had testified in her examination in chief. But if there was any error in excluding the question, which seems to have been a preliminary one, it was cured by the subsequent admission of the evidence.

The appellant further contends that the court erred in striking out the answer to the following question, propounded to the witness Kate Earl: "Q. He is your cousin, is he not?" —referring to the defendant and appellant. The answer was, "Yes, sir." Ordinarily it is not the proper practice to strike out an answer responsive to the question when the question has not been objected to. Wendt v. Railway Co , 4 S. D. 476, 57 N. W. 226. The objection in such case should be made to the question, if improper, and a motion to strike out the answer is not permissible. But in this case we do not deem the question or answer material, and therefore striking out the answer was not reversible error.

It is further contended by appellant that the court erred in excluding the following question propounded to Mrs. Isaac Hughes, after she had stated that she had a conversation with Kate Earl, about July 24th: "Q. I wish you would detail to the jury in your own language the conversation that took place between you and Katie at the time you have mentioned, regarding this child and its parentage." To this question the state's attorney interposed the following objection: "Objected to, for the reason that no foundation has been laid for impeaching testimony." The objection was sustained, and exception taken. This court will presume that the trial court ruled correctly, unless it affirmatively appears from the record that its ruling was erroneous. This the record fails to show. While the witness Kate Earl was asked the general question, in effect, as to what conversation she had with Mrs. Hughes on or about

July 24th, her attention was not specifically called to the state-
ments claimed to have been made by her to Mrs. Hughes, in-
consistent with those testified to by her on the stand.   The rule
is well established that this must be done before any evidence
of such contradictory statements or declarations can be given.
1 Greenl. Ev. § 462; Whart. Ev. § 555, 1 Rice Ev. pp. 617, 618.
In a note to Sec. 462, 1 Greenl. Ev., the learned author says:
In Queen's Case [2 Brod. & B. 313] this subject was very much
discussed, and the unanimous opinion of the learned judges
was delivered by Abbott, C. J., in these terms:   "The legiti-
mate object of the proposed proof is to discredit the witness.
Now, the usual practice of the courts below, and a practice to
which we are not aware of any exception, is this:  If it be in-
tended to bring the credit of a witness into question by the proof
of anything that he may have said or declared touching the
cause, the witness is first asked, upon  cross-examination,
whether or not he has said or declared that which is intended
to be proved.  If the witness admits the words or declaration
imputed to him, the proof on the other side becomes unneces-
sary, and the witness has an opportunity of giving such reason,
explanation, or exculpation of his conduct, if any there may be,
as the particular circumstances of the transaction may happen
to furnish; and thus the whole matter is brought before the
court at once, which, in our opinion, is the most convenient
course.  If the witness denies the words or declarations im-
puted to him, the adverse party has an opportunity afterwards
of contending that the matter of the speech or declaration is
such that he is not to be bound by the answer of the witness,
but may contradict and falsify it; and, if it be found to be such
his proof in contradiction will be received at the proper sea-
son."   In the case at bar the attention of the witness was called
to the time, place and person, but not to the specific declara-
tions or statements which were claimed to be inconsistent with
her testimony upon the stand.   Her statements or declarations
to Mrs. Hughes were not in the nature of admissions by the

party, as she was not a party to the action.   The record also
fails to show what the statements or declarations of the wit-
ness made to Mrs. Hughes, proposed to be proven by Mrs.
Hughes, were.   It is essential, when the objection to a ques-
tion is sustained which is claimed to be error, to bring before
this court, by an offer made in the court below, the evidence
proposed to be elicited by the answer to the question, in order
that this court may be advised of its relevancy and materiality.
It not affirmatively appearing, therefore, from the record, that
the court erred in sustaining the objection to the question, its
ruling must be regarded as correct.

   We have considered all the assignments of error discussed
by the appellant's counsel in their brief, and those not dis-
cussed will be considered waived.   Finding no error in the rec-
ord, the judgment of the county court is affirmed.   For the rea-
sons stated in the case of State v. Bunker, *supra*, the record in
this case is ordered to be remitted to the circuit court of Davi-
son county, for further proceedings according to law.