## STATE OF NORTH DAKOTA v. JACOB LANG.

Opinion filed March 4, 1910.

### Bastardy—Venue of Action—Proceedings.

1. The proceedings under Chapter 5, Code of Criminal Proceedure, Rev. Codes 1905, relating to bastardy, are not strictly either civil or criminal proceedings, but partake somewhat of the nature of both. Hence Section 6829, Rev. Codes 1905, providing that an action shall be tried in the county in which the defendant or some of the defendants reside at the time of the commencement of the action, does not apply, and the district court erred in granting the defendant's application to change the place of trial to the county of his residence.

Appeal from District court, McIntosh county; *Allen,* J.

Action by the State against Jacob Lang. From an order changing the place of trial, plaintiff appeals.

Reversed and remanded.

*George M. Gannon,* State's Attorney, *W. S. Lauder* and *J. H. Wishek,* for the State.

A bastardy proceeding is sui genesis, partaking of the features of both criminal and civil action. Clark v. State, 60, N. W. 78. In re Lee, 41 Kan. 318, 21 Pac. 282; Baker v. State, 56 Wis. 568, 14 N. W. 719; Smith v. State, 73 Ala. 11; Holcomb v. People, 79 Ill. 409; Cummings v. Hodgson, 13 Metc. 246; State v. Hunter, 67 Ala. 81; M. J. J. v. J. C. B., 47 N. H. 362; Norwood v. State, 45 Md. 68; State v. Robert, 32 N. C. 350; State v. Hales, 65 N. C. 244; Allen v. Ford, 11 Vt. 367; Hodge v. Sawyer, 85 Me. 285; 5 Cyc. 652 and note 58 and 59; Commonwealth v. Davidheiser, 20 Pa. Co. Ct. 200; Keller v. Mertens, 55 N. Y. S. 1043.

*A. W. Clyde,* for respondent.

The nature and object of bastardy proceedings are distinctively civil, not criminal. Ingwaldson v. Skrivseth, 7 N. D. 388, 75 N. W. 772; State v. McKnight, 7 N. D. 444, 75 N. W. 790; In re Walker,

86 N. W. 510; In re Lee, 21 Pac. 282; State v. Tieman, 32 Wash. 294, 73 Pac. 375, 98 Am. St. Rep. 854.

The action is local and transitory and comes within the Code of Civil Procedure and defendant was entitled to a change. Smail v. Gilruth, 8 S. D. 287, 66 N. W. 452.; 5 Cyc. 652.

CARMODY, J.  This proceeding was instituted under the bastardy act of this state, being a chapter 5 of the Code of Criminal Proceduse; and embracing sections 9647-9664, both inclusive, of the Revised Codes of 1905.  On the 25th day of August, 1908, a complaint in due form and properly verified was filed in the offiice of P. T. Kretschmar, a justice of the peace of McIntosh county, N. D., in which it was charged in substance that Christina Kramer is a resident of the county of McIntosh, state of North Dakota; that she is an unmarried woman, and is pregnant with a child which, if born alive, may be a bastard, begotten by the defendant, Jacob Lang, on or about the 13th day of March, 1908, at her home in said county and state.  And the child so begotten when born will be a charge on the county of McIntosh, N. D.  This affidavit concluded with a prayer that a warrant be issued for the arrest of the defendant, Jacob Lang, that he may answer such charge.  This affidavit was signed and sworn to by the said Christina Kramer, upon such complaint, and on the 25th day of August, 1905, a warrant for the arrest of said defendant Jacob Lang was duly issued by the said justice of the peace.  Upon this warrant the defendant was arrested and taken before the said justice of the peace.  On motion of A. W. Clyde, defendant's attorney, he was discharged on the ground that the warrant did not comply with the statute.  A second warrant was issued for the arrest of the defendant on the 3d day of September, 1908.  Upon this warrant the defendant was arrested and taken before the said justice of the peace, and thereupon entered into an undertaking as provided in section 9650, Rev. Codes 1905, conditioned that he would appear at the next term of the district court of said county, and from term to term until the final disposition of the proceedings, to answer the complaint and abide the judgment and orders of the court therein.  The said justice of the peace thereupon made due and proper return to the district court of McIntosh county, N. D., of all proceedings had before him as aforesaid.  The action coming duly on to be heard in the said district court on the 30th day of September, 1908, the defendant filed an affidavit setting forth that

he is the defendant in the action and "that he is a resident of Emmons county, N. D., and has been a resident of the same for the five years last past, and that he desires the said action to be transferred to said Emmons county. Upon this affidavit and upon all the records and files in the proceeding and on the 2d day of October, 1908, the district court made an order transferring the said action or proceeding from the county of McIntosh, N. D., to the county of Emmons, N. D. To the order of the court thus changing the place of trial the plaintiff duly excepted.

From this order changing the place of trial as aforesaid, the plaintiff, the state of North Dakota, appeals to this court. But one error is assigned, and that is: The court erred in making the order changing the place of trial of this action or proceeding from said county of McIntosh, N. D., to the county of Emmons, N. D. Defendant contends that the act charged is not a crime or public offense, and the nature and object of the proceeding is distinctly civil and not criminal and therefore comes fully within the provisions of the Code of Civil Procedure, and the defendant was entitled to the change. In this he is in error. Under the provisions of chapter 5 of the Code of Criminal Procedure (Rev. Codes 1905), a proceeding under the bastardy act is commenced by filing the complaint and issuing a warrant of arrest commanding the officer to which it is delivered to forthwith arrest the defendant, and, unless he gives an undertaking in a sum (fixed by the magistrate) to be approved by the clerk of the district court of the county where arrested, to bring said defendant before such magistrate, or, in case of the absence or inability of such magistrate to act, before the nearest or most accessible magistrate authorized to act in such county. The officer to whom such warrant is delivered may execute the same in any part of the state by arresting the denfendant and taking him before a magistrate as in such warrant directed. Upon the arrest of the defendant, unless he gives an undertaking approved by the clerk of the district court, as hereinbefore stated, the magistrate before whom the defendant is taken, shall require him to execute and give an undertaking in a sum not less than $500 and not exceeding $1,000, with sufficient sureties, payable to the state of North Dakota, and conditioned that he will appear at the next term of the district court of such county, and from term to term until the final disposition of the proceedings, to answer the complaint and abide the judgment and

orders of the court therein; if the defendant fails to execute and give such undertaking, the magistrate shall make an order committing him as in criminal actions. "The warrant when executed, together with any undertaking given by the defendant, shall be returned by the officer making the arrest to the magistrate who issued the warrant or his successor in office, and the magistrate shall transmit any undertaking given by the defendant together with a transcript of his proceedings and all other papers in the case, without delay, to the clerk of the district court of the proper county." If the defendant shall at any time after his arrest pay or secure to be paid to the complainant such sum of money as she may agree in writing to receive in full satisfaction and as shall be approved by the board of county commissioners of the county in which she resides, and shall execute and give an undertaking with sufficient sureties to be approved by such board to the county in which she resides, conditioned to secure and indemnify such county from all charges for the maintenance of such child, and shall also pay all expenses incurred by such county for the support of the mother during her lying-in or of the child and the costs of prosecution, he shall be discharged. "If the court or jury finds that the defendant is the father of such child, or if the defendant fails to answer the charge, he shall be adjudged the father of such child and the court shall render such judgment as may seem necessary to secure, with the assistance of the mother, the maintenance and education of such child, until such time as the child is likely to be able to support itself, which judgment shall be docketed by the clerk as judgment in civil actions. Such judgment shall direct the person to whom and the times at which any parts of the same shall be paid and shall also require the defendant to secure the payment thereof by an undertaking executed by him with sufficient sureties and in default thereof the defendant shall be committed to jail until discharged according to law." If the woman fails to prosecute the father of her child, and such child is likely to become a public charge, any member of the board of county commissioners of the county where she resides may make the necessary complaint, and the same proceedings will be had as if the complaint was made by the woman.

Section 9653, Rev. Codes 1905, provides that the trial of such proceedings shall, except as herein otherwise provided, be governed by the law regulating civil actions. The clerk shall place such proceed-

ings upon the calendar for trial at the first term of the district court after the papers therein are received by him. No notice of trial and note of issue need be served or filed. Section 9660, Rev. Codes 1905 provides that the provisions of articles 8 and 9 of chapter 11 of the Code of Civil Procedure, relating to exceptions and new trials and the provisions of chapter 15 of such Code, relating to appeals, are applicable to proceedings under this chapter. The several state's attorneys within their respective counties shall prosecute all proceedings under this chapter.

Thus it will be seen that it is not strictly either a civil or a criminal proceeding, although its form and incidents partake somewhat of the nature of both. The action has many of the characteristics of a criminal proceeding. It is denominated a "prosecution," which is brought in the name of the state, based on a complaint upon which a warrant is issued. If the defendant fails to give a bond as required by the magistrate he is committed to jail. If he fails to comply with the final judgment of the district court he may be imprisoned in the county jail. The proceedings on the trial must be regarded as a civil action, and civil procedure must govern the trial in all respects not otherwise provided for in chapter 5. The remedy is a stringent and summary one, and to effect its purpose the Legislature has deemed it wise to authorize the employment of both criminal and civil procedure. The initiatory steps in the proceeding are mostly of a criminal character, and doubtless they are much more effective than any other in accomplishing the legislative object. The proceedings must be entitled in the name of the state as plaintiff and against the accused as defendant. The proceedings may be begun before any justice of the peace and hence in any county of the state. In a strictly civil action the defendant may be served by leaving a copy of the summons at his usual place of residence, and when so served a judgment may be given against him in his absence.

Under this act, the magistrate must cause the defendant to be brought before him or some other magistrate in the same county upon a warrant, unless he gives an undertaking as provided for in such act, and until the defendant is arrested no other proceeding, after issuing the warrant, can be had. Instead of beginning the action by the issuance of a summons, as in civil cases, a criminal proceeding is employed by filing a complaint on which a warrant is issued, and upon this warrant the defendant is arrested. The county

of McIntosh was the one entitled to be indemnified. The court erred in granting the change of venue. State v. Scott, 7 S. D. 619, 65 N. W. 31; State v. Hunter, 67 Ala. 81; State v. Smith, 73 Ala. 11; Holcomb v. People, 79 Ill. 409; Cummings v. Hogdon, 13 Metc. (Mass.) 246; People v. Smith, 65 Mich. 1, 31 N. W. 599; Baker v. State, 56 Wis. 568, 14 N. W. 718; Baker v. State, 65 Wis. 50, 26 N. W. 167, and cases cited in note thereto; Keller v. Mertens, 37 App. Div. 497, 55 N. Y. Supp. 1043. In the case of Baker v. State, supra, it was expressly held that the statute relating to the place of trial of civil actions had no application to a prosecution under the bastardy act.

The order appealed from is reversed, and the cause remanded to the county of McIntosh for further proceedings according to law. All concur.