## STATE ex rel. THOMAS v. ADAMS.

No. 16999—Opinion Filed Oct. 19, 1926.

1. **Bastards—Bastardy Proceeding—Process —Insufficiency of Service on Father of Accused.**

A motion to quash service in a bastardy proceeding should be sustained, where the only service had was service of summons upon the father of the accused as provided by Civil Procedure.

2. **Same—Service of Warrant of Arrest as Requisite.**

The only valid service that can be had in bastardy proceedings is by the service of a warrant of arrest upon the accused, as provided by section 8060, C. S. 1921.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Stephens County; John W. Scott, Judge.

Action by the State ex rel. Ona Thomas against Rex Adams. From judgment of the County Court sustaining motion to quash service, the State has appealed. Affirmed.

Geo. F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for plaintiff in error.

C. M. Anderson and H. W. Sitton, for defendant in error.

Opinion by JONES, C. This is an appeal from a judgment of the county court of Stephens county, wherein the court sustained a motion to quash service in a bastardy proceeding for the reason that no warrant of arrest had issued as provided by section 8060, C. S. 1921. The appeal is prosecuted by the state, and the contention made that the service had, which was by serving an ordinary summons on the father of the defendant at defendant's place of residence, was sufficient.

Appellant first contends that the procedure prescribed by section 8060, supra, is merely cumulative, and that, by reason of the fact that cases of this character are regarded as being civil suits, the ordinary service of summons as required in civil procedure is sufficient; and second, that the court acquires jurisdiction of this character of cases by reason of section 8061, C. S. 1921, which provides that:

"From the time of the filing of such complaint a lien shall be created upon the real property of the accused in the county where the action is pending, for the payment of any money and the performance of any order adjudged by the proper court."

We think under this last section of the statute, that the lien attaches upon the filing of the complaint as provided, but this is not sufficient to give the court jurisdiction to try the case and render judgment without first acquiring jurisdiction by service as required by section 8060. The procedure followed in such cases is a special procedure.

The Supreme Court of Kansas, in the case of Shattuck v. Chandler, 40 Kan. 520, 20 Pac. 225, held:

"The rule is that where a form of procedure is provided by statute, and the manner of doing a particular act or thing is pointed out, it precludes the doing of it in any other manner or form."

And in the case of In re Lee, 41 Kan. 321, 21 Pac. 282, the court held:

"The act, however, as already indicated, prescribes much of the procedure to be applied, which differs in many respects from that found in the Civil Code, and hence, some confusion arises. But the procedure thus prescribed, although of a criminal nature, must be pursued. The remedy is a stringent and summary one, and to effect its purpose the Legislature has deemed it wise to authorize the employment of both criminal and civil procedure. The initiatory steps in the proceedings are mostly of a criminal character, and doubtless they are much more effective than any other in accomplishing the legislative object. According to the direction of section 8, if the act did not provide where the proceeding should be commenced and what process should be used, the action would be begun in the county where service could be obtained on the defendant, and the process must be a summons to be served as the Civil Code provides. But, as we have seen, the act is not silent on that subject. It provides that the proceedings may be begun before any justice of the peace, and hence, in any county or township of the state. In a strictly civil action the defendant may be served by leaving a copy of the summons at his usual place of residence and when so served a judgment may be given against him in his absence. Under this act, the justice must cause the defendant to be brought be-

fore him upon a warrant and, until the defendant is brought before the justice, the trial cannot proceed, and judgment cannot be rendered."

And this court in the case of Bell v. Territory, 8 Okla. 75, 56 Pac. 853, held:

"Bastardy proceedings are special in character, and are governed by the act authorizing such proceedings, in so far as the same prescribes the proceedings and practice."

Bastardy proceedings are purely statutory, and we think the procedure and the process prescribed, by which the accused may be brought into court, must be followed, and that the court would not be authorized in such case to render a final judgment until the warrant of arrest has been issued and served.

Appellant cites authorities wherein it was held that a default judgment might properly be rendered, and that the presence of the accused at the time of the rendition of judgment was not necessary, but this is merely an exemplification of general rules, and the right of the court to render a default judgment, or to render judgment in the absence of the accused, and is only authorized where proper service has been had. A judgment rendered without service is void. There are other matters raised, but we do not regard them as being material; hence, we conclude that the judgment of the trial court in sustaining motion to quash was correct, and the same should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 7 C. J. p. 977, §81 (Anno). (2) 7 C. J. p. 977, §81 (Anno); 3 R. C. L. p. 757.