## SQUIRES v ROBERTS

1. BASTARDS—PATERNITY—PLEADING—ANSWER—STATUTES.

The putative father need not deny the allegations contained in the complaint in a paternity action to put them at issue, because the action is statutory, and the statute only requires that the defendant appear to answer the complaint (MCLA 722.711 *et seq).*

2. BASTARDS—PATERNITY—PLEADING—ADMISSIONS.

Failure of the defendant in a paternity action to deny the allegations of the complaint by answer does not amount to an admission of them within the meaning of the General Court Rules (MCLA 722.711 *et seq;* GCR 1963, 111.5).

3. BASTARDS—PATERNITY—PLEADING—PROOFS.

Defendant's motion to dismiss was properly granted in his trial to establish paternity where plaintiff alleged in her complaint that she was unmarried from the date of conception to the date of the birth of the child, as required by statute, but failed to submit proof to establish that fact (MCLA 722.711).

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 May 2, 1972, at Lansing. (Docket No. 12096.) Decided May 26, 1972.

Complaint by Carolyn G. Squires against Barry Roberts charging him with the paternity of her child. Judgment for defendant. Plaintiff appeals. Affirmed.

*Michael Kranson,* for plaintiff.

*Sam F. Trentacosta,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 10 Am Jur 2d, Bastards § 90.

Before: QUINN, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

QUINN, P. J. This is a paternity action, MCLA 722.711 *et seq;* MSA 25.491 *et seq.* At the close of plaintiff's proofs, defendant moved for a directed verdict. The trial was before the court without a jury, and the trial judge properly treated the motion as a motion to dismiss, GCR 1963, 504.2. On findings that plaintiff had failed to prove "approximate date of conception and plaintiff was an unmarried woman from time of date of conception to birth of child", the trial judge granted the motion to dismiss. Plaintiff appeals.

In order to sustain her action, plaintiff was required by statute to establish that she "was unmarried from the conception to the date of the birth of the child", MCLA 722.711(a); MSA 25.491(a). Her verified complaint alleged this fact, but the record contains no proof of the fact. On appeal, plaintiff argues that her unanswered complaint establishes this fact. No authority is cited in support of this argument but it would appear that plaintiff relies on GCR 1963, 111.5. We find this argument untenable.

GCR 1963, 730.1 provides that actions under the paternity act "shall be in accordance with rule 730, and the general court rules which are not in conflict with the provisions of the paternity act". An examination of the paternity act discloses no requirement that the putative father respond and deny the complaint in the sense of GCR 1963, 111.5. In reference to similar proceedings under the old bastardy act which the paternity act replaced, the Supreme Court said in *Pangborn v Smith,* 65 Mich 1, 4, 5 (1887):

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"These proceedings are purely statutory, and the jurisdiction conferred is special, and the several steps to be taken are pointed out by the statute. No formal issue is necessary. The complaint stands in place of a declaration, and no plea on the part of the accused is required to be entered. The facts stated in the complaint, if not admitted, are to be inquired into in the circuit court, and the issue to the jury is whether the defendant is guilty or not guilty."

In the case before us, the summons was issued on filing of the complaint. This is statutorily authorized, MCLA 722.714(e); MSA 25.494(e). That summons required defendant to appear in circuit court October 14, 1970 "to answer to said complaint". Defendant appeared as required, and a court order of October 14, 1970 indicates that defendant denied paternity and that personal bond of $300 was set. We find that this procedure placed in issue all required allegations of the complaint, and that to sustain her action, the plaintiff was required to submit proof to establish them. This she failed to do.

The remaining issue raised has no bearing on the result we reach and we decline further comment.

Affirmed but without costs.

All concurred.