### EDWARD DAVIS *against* JOHN HOUSTON.

Lands of an intestate valued by an order of Orphan's Court and sold by his daughter, evidence may be given of illegitimacy of such daughter.
A party to a suit may be examined on oath as to a collateral fact.

DEBT *sur* obligation, 315*l.* 6*s.* 6*d.* Plea payment, with leave, &c.

The plaintiff sued as the guardian of Martha, Isabella and Sarah Maxwell, whose sister Margaret had conveyed to the defendant a certain plantation, in Caernarvon township.

John Maxwell their father, died intestate, seized of these lands, having married a second wife, (living the first,) with whom he cohabited near fifteen years. These children were born of the second wife, and the aforesaid Margaret was born in the life-time of the first wife. On an application to the Orphan's Court, the lands were valued and accepted by the said Margaret, and the defendant became security for the payment of the distributive shares of the other children of the appraisement, in a recognizance of 575*l.*

The defendant contended, that he was ignorant of the prior marriage, and offered to show the preceding facts in evidence, which was excepted to. Because, 1. The defendant cannot avail himself of this matter in a suit on the recognizance ; and chancery will not relieve, until there is a failure of consideration. 2 Cha. Ca. 19. No relief will be given against a bond, where there has been a forfeiture of a lease, but no advantage taken of it by the lessor. 1 Equ. Ca. Ab. 85. 2. The issue shall not be bastardized at this late day. Bastard *eigne* and mulier *puisne,* if bastard enter after the father's death and die without the mulier's entry, and the bastard dieth seized and his issue entereth, the mulier is without remedy, because the issue shall not be bastardized after the death of the father. Lit. § 399. 3. The proceedings in the Orphan's Court cannot be examined, and their decree be annulled in this summary mode.

But the court overruled the exception. If a person sells lands to which he has no title, he shall not recover the consideration money. No man is obliged to pay for moonshine. 1 Wms. 220.

The chancery rules as to granting injunctions, are well established. 2 Com. Dig. 48. And in this particular, the courts of law in Pennsylvania adopt equity principles, on the ground of necessity. It is perfectly clear, that the issue of a second marriage contracted during the life of the first wife, are bastards, and therefore cannot inherit. 1 Woodeson 394. And the rule as to bastard *eigne* and mulier *puisne*, does not apply in general cases. 3 Lev. 340. 1 Salk. 120. Espin. 486. Equity will not compel a purchaser to accept a dubious title. 2 Wms. 199. 4 Bro. Cha. Ca. 87, 88. As to the proceedings in the Orphan's Court, we well know, that with respect to persons claiming as children of a deceased person, they enter into no inquiry concerning their legitimacy, but take the assertions of the parties as truth. If the vendor of the lands was a bastard, no title can be derived from her. But if the defendant purchased under a full knowledge of all the circumstances, he ought to be bound by his contract. The evidence was accordingly received.

The defendant afterwards offered in evidence a certificate of the second marriage celebrated in Ireland, subscribed by "Shir. "Hanold, vicar of Antrim," on the 24th November 1769, with the oath of the defendant, that the same was delivered to him by the second wife; which was also objected to.

*Sed per cur.* He may well be examined as to this collateral point, which agrees with the circumstances already proved. And if it is ascertained that the paper offered came from the hands of the second wife, it is equivalent to her declarations, to prove illegitimacy. Cowp. 594.

The defendant substantiated his defence; and having filed an agreement in court, that he would re-convey the lands to whoever should be appointed by the children of Maxwell, on re-payment of the money already advanced, and the value of his permanent improvements, deducting the profits received therefrom, or that he would pay the residue of the consideration money, on the title of the lands being secured to him, he obtained a verdict.

Messrs. Montgomery and Bowie, *pro quer.*
Messrs. C. Smith and Hopkins, *pro def.*