THE STATE v. ROMAINE.

1. **Bastardy:** CHILD BORN IN WEDLOCK: BURDEN OF PROOF. In a prosecution for bastardy, the evidence showing that the child was born about three months after marriage, and that at the time it was begotten the husband was visiting the mother as a suitor, the jury should have been instructed that the presumption of legitimacy was so strong it could only be overcome by distinct, satisfactory, and conclusive evidence to the contrary.

2. ———: PREPONDERANCE OF EVIDENCE. The rule, that the defendant in a prosecution for bastardy, may be convicted upon the preponderance of the evidence, applies to the question of guilt or innocence arising upon the whole case.

*Appeal from Cedar District Court.*

WEDNESDAY, APRIL 5.

THIS is a proceeding under the statute to charge the defendant with the maintenance of an illegitimate child, of which, it is alleged, he is the father. There was an answer in denial, and an averment that the complainant had made provision for the support and maintenance of the child, by legal articles of adoption. There was a trial by jury, and a verdict of guilty, and judgment thereon, from which defendant appeals.

*Piatt & Carr*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, J.—I. It appears that Annie Swart, the mother of the child, was married to Henry Swart, on the 19th of February, 1880; the child in question was born on the 13th of May, following. The defendant is the husband of the sister of the complainant, and at the time the child was begotten complainant was a member of the defendant's family. The defendant requested

the court to instruct the jury to the effect that the child was not illegitimate, for the reason that it was born in wedlock, and that a child is not a bastard unless begotten and *born* out of wedlock. The instruction was refused, and the court instructed the jury that as the child was born in wedlock, the law presumed it to be legitimate, and the burden was on the State to show that it was begotten by the defendant, and not by the husband of the complainant. There was also the further instruction, that if the condition of the complainant was such at the time of her marriage as to lead her husband to suppose she was in a state of pregnancy, and that notwithstanding her appearance he married her, and has since lived and cohabited with her, then such fact is conclusive evidence that the husband is the father of the child.

In *Rhym v. Hoffman*, 6 Jones Eq. N. C., 335, where a mother was pregnant when married, and gave birth to a child six months afterward, it was held the child was legitimate. The court say: " That if a woman big with child by A, marry B, and then the child be born, it is the legitimate child of B." See 1 Rolls Abr., 358; 2 Bac. Abr., 84. In the same case it was held, that a child begotten and born after marriage, is legitimate, unless it be proven by irresistible evidence that the husband was impotent, or did not have any sexual intercourse with the wife.

In *State v. Heman*, 13 Iredell, 502, it was held that a child born during wedlock, though born within a month or a day after marriage, is legitimate by presumption, and when a child is born during wedlock of which the mother was visibly pregnant at the marriage, the conclusive presumption is that it was the offspring of the husband.

In *Hargrave v. Hargrave*, 9 Beav., 552, in determining the question as to the illegitimacy of a child begotten and born during wedlock, it is held that the presumption in favor of legitimacy is to have its weight and influence, and the evidence against it ought to be strong, distinct, satisfactory, and conclusive.

The State v. Romaine.

In *Shuler v. Bull*, Sup. Ct. S. Carolina, Vol. 12, p. 156, of the Reporter, it is held that the question of the paternity of a child born in wedlock is one of fact, to be determined upon competent evidence, and such evidence is not limited to proof of impossibility of access. In 2 Starkie on Ev., 196, in discussing the question as to the legitimacy of a child begotten before marriage, the author says: "It seems, however, that in such cases, it is competent to prove that it was impossible that the husband could have been the father, for a stronger presumption cannot arise in such a case, than is made in favor of a child conceived after wedlock." It appears to us that the true rule adduced from the authorities as well as from principle, is that a child born in wedlock, whether begotten before or after marriage is presumed to be the child of the husband, but that such presumption may be rebutted by strong, satisfactory, and conclusive evidence that the husband did not have access to the mother of the child when it was begotten. And if a woman be pregnant at the time of the marriage, and if the pregnancy be known to the husband, he should be conclusively presumed to be the father.

We think the court in this case did not attach sufficient importance to the presumption of legitimacy. It is true the jury were instructed that the law presumes that a child born in wedlock is legitimate, and that the burden of proof is on the State to show that the child was begotten by some person other than the husband of the mother. In view of the evidence in the case, which shows beyond question that about the time the child was begotten the husband was visiting the complainant as a suitor, once or twice a week, and the further fact that the child was born in about three months after marriage, the jury should have been instructed that the presumption of legitimacy was so strong that it could only be overcome by "distinct, strong, satisfactory, and conclusive" evidence to the contrary. *Hargrave v. Hargrave, supra.*

It is true that in this proceeding we have held that the

defendant may be convicted upon a preponderance of the

2. ———: pre-  evidence. *State v. McGlothlen*, 56 Iowa, 544.
ponderance
of evidence.  But this rule applies to the question of guilt or innocence which arises upon the whole case, after giving due consideration to all the facts. It does not dispense with the force and effect which are to be given to presumptions arising from certain facts disclosed in evidence. If, after giving due consideration to the presumption which arises from the fact that the child was born in wedlock, and properly considering the rule that to rebut such presumption the evidence must be clear, satisfactory, and conclusive, there is a preponderance of evidence in favor of the State, the defendant should be found guilty.

REVERSED.