## STATE v. BUNKER.

1. The provisions of Chapter 24, Laws 1893, are not in conflict with Sections 20, 21, Art. 5, State Const.   State v. Scott, (S. D.) 65 N. W. 31.

2. Proceedings in bastardy cases are properly instituted and carried on in the name of the state.

3. On the trial of bastardy cases under the statute, it is sufficient for the state to prove its case by a preponderance of evidence.

4. The failure of the defendant to enter a plea in the action does not constitute reversible error, he having been deprived of no rights on the trial that he would have been entitled to had a formal plea been entered.

(Syllabus by the court.   Opinion filed Oct. 29, 1895.)

Error to county court, Brown county.   Hon. J. E. ADAMS, Judge.

Ernest I. Bunker, having been convicted of bastardy, brings error.   Affirmed.

The facts are stated in the opinion.

*L. W. Crofoot*, for plaintiff in error.

A proceeding for bastardy is in the nature of a civil action to enforce the performance of a civil and moral obligation, and is not a criminal action.   Jones v. State, 14 N. W. 901; Cottrell v. State, 1 Id. 1008; Kremlin v. Lallman, 20 Id. 383; Altschulen v. Algaza, 21 Id. 401; Hutchinson v. State, 27 N. W. 115; Ingram v. State, 37 Id. 944; Stuckler v. Gross, 49 Id. 804; State v. Worthingham, 23 Minn., 528; State v. Becht, Id. 1; State v. Snure, 12 N. W. 347; State v. Nichols, 13 Id. 153.   Paternity should be established beyond a reasonable doubt and not by a mere preponderance of evidence.   Tweifel v. State, 27 Wis. 396; Baker v. State, 2 N. W. 110; Van Tassel v. State, 18 N. W. 328.

*Coe I. Crawford*, Attorney General, and *Geo. W. Jenkins*, State's Attorney, for defendant in error.

Proceedings under the bastardy act are special and *quasi* criminal, and no plea or answer is required.   Comp. Laws, Sec. 4810; State v. Baker, 14 N. W. 718; Id. v. Mushied, 12 Wis. 561; Id. v. Jager, 19 Id. 235; Baker v. State, 47 Id. 111; Ruidskoff v.

State, 34 Id. 225; Jerdee v. State, 36 Id. 170; State v. Horney, 44 Id. 619; Seman v. People, 42 Mich. 141; Suflin v. People, 43 Id. 37; People v. Pholen, 49 Id. 492. Paternity of the child may be shown by a preponderance of the evidence. Stuckler v. Gross, 49 N. W.; Lewis v. People. 82 Ill. 104; McFarland v. People, 72 Ill. 368; Harper v. State, 101 Ind. 109; State v. Romaine, 58 Ia. 46; Robbins v. Smith, 47 Conn. 182. The mother of an illegitimate child is the proper person to have its care and custody, but the father is entitled to its custody against all but the mother. Wright v. Wright, 2 Mass. 109; Hudson v. Hills, 8 N. H. 417; People v. Kling, 6 Barb. 366; People v. Mitchell, 44 Barb. 245; Nine v. Starr, 8 Oregon, 49; Pate's Appeal, 106 Pa. St. 574.

CORSON, P. J. This was a prosecution brought in the name of the state, on the relation of Amy Mabel Weed, against the defendant, under the bastardy act of 1893. The jury found the issues for the state, and the defendant brings the case here for review on writ of error.

The first question presented is the constitutionality of the law. It is contended by counsel for plaintiff in error that the law conferring jurisdiction upon county courts in this class of cases is unconstitutional. This question was presented and determined by this court at the present term, in the case of State v. Scott, 65 N. W. 31. That case was fully considered and discussed, and the court arrived at the conclusion that the bastardy act of 1893 was constitutional, and it is not necessary to again review this question. Ruled by that case, this point must be decided against the contention of the plaintiff in error.

It is next contended that, if we hold the law is so far criminal in its nature that county courts have jurisdiction, the law is an *ex post facto* law and therefore not valid as against this defendant, as the birth of the child occurred less than nine months after the passage of the act of 1893. But the act of 1893 creates no new liability on the part of the defendant. His liability existed under Sections 5560–5568, inclusive, c. 37 (Civil Procedure) Comp. Laws,

The law as it formerly stood provided that the father of an illegit-
imate child might be compelled to provide for its support. The
only material change made by Chapter 24, Laws 1893, is as to the
method of enforcing the defendant's liability; no new liability is
created by that act. Ordinarily, the mere change in the method
of procedure does not constitute such a change in the law as to
make it an *ex post facto* law. Cooley, Const. Lim. 272, and cases
there cited; Gut v. State, 9 Wall. 35; *Ex parte* McCardle, 7 Wall.
506; Com. v. Holley, 3 Gray, 458; Jacquins v. Com., 9 Cush. 279.
See, also, dissenting opinion in Kring v. Missouri, 107 U. S. 236,
2 Sup. Ct. 443. But it may be sufficient to say that the bastardy
act is not a criminal statute. It is, as we held in the case of State
v. Scott, *supra, quasi* criminal. Or, perhaps, more properly
speaking, it is a special proceeding to compel the father to pro-
vide for the support of his illegitimate child. The proceedings
are criminal in form, but the trial is in its nature that of a civil
action. It is further contended that the action should have been
instituted in the name of Amy Mabel Weed, and not in the name
of the state, as said Amy Mabel Weed is the real party in interest.
But we cannot agree with counsel in this contention. The law in
force when the act of 1893 was passed provided in terms that the
action should be prosecuted in the name of the state. Comp.
Laws, § 5560. The repealing clause of the act of 1893 only re-
peals all acts and parts of acts in conflict therewith. The provis-
ion above referred to does not conflict with any of the provisions
of the act of 1893, but that act seems to have been adopted upon
the theory, and contemplates that the proceedings shall be in the
name of the state.

Counsel for the plaintiff in error further contends that the
court erred in sustaining the objections of the counsel for the
state to certain questions propounded to the complaining witness
on cross-examination. The principal question objected to and
excluded is as follows: "Now, when you left here to go to Madi-
son, South Dakota, Mr. Allrenshaw bought you, and gave you,
your ticket?" This was objected to as incompetent and immater-

ial, and not proper cross-examination. The objection was sustained. We think the court's ruling can be sustained, for the reason that the witness, in her examination in chief, had not been asked any question by the state's attorney in any manner relating to Allrenshaw, or in regard to her going to Madison, and the question, therefore, called for no matter about which she had given evidence in her direct examination. She was asked other similar questions, which were objected to and excluded. We see no legal objection to the rulings of the court in excluding these questions. As before stated, nothing in regard to her connection with Allrenshaw, or as to the matter of her going to Madison, had been called out in the direct examination, and the defendant, therefore, had no absolute legal right to interrogate her upon that subject. The admission or exclusion of the question was largely within the sound judicial discretion of the trial court, and its rulings upon the question will not be reviewed by this court unless there has been an abuse of such discretion. Rice, Ev. p. 595; Rea v. Missouri, 17 Wall. 532.

It is next contended that the objection of the defendant to a question propounded to the witness Allrenshaw by the state's attorney should have been sustained. The witness, on his direct examination, had testified that he had improper relations with the complaining witness at about the time the defendant had, as testified to by the plaintiff's witness, improper relations with her. He was then asked: "Did you ever deny to anybody that you ever had intercourse with her?" This question was objected to by counsel for plaintiff in error as incompetent, irrelevant and immaterial, and for the reason that the question does not call the witness' attention to time, place, etc. The question evidently was not asked with the view of laying the foundation for impeaching the witness, but for the purpose of ascertaining from him if he had at any time or place denied the existence of the fact which he had by his evidence claimed did exist. We discover no valid legal objection to this question. The witness answered that he had denied it to strangers and people about town who had asked him

about it at the time. Had his answer been in the negative, and the state had sought to contradict him, by showing that he had made such denial to some person, then the objection could have been properly made that his attention had not been called to time, place, person, etc., and the objection would have been available. The counsel, therefore, when he asked the question in the general form that it was asked in this case, took the risk of a negative answer, that would have concluded him from contradicting the witness.

It is further contended that the court erred in not calling upon the defendant to plead to the charge. The act is silent upon this question of pleas, and while, no doubt, it would be better practice to require the defendant to plead to the complaint or charge, yet a failure to do so does not constitute reversible error. The defendant had all the advantages at the trial that he could have had if a regular plea had been entered. State v. Reddington (S. D.) 64 N. W. 170.

The last point we shall notice is that in the court's charge to the jury it charged as follows: "The burden of proof in this case is upon the plaintiff, and in order to recover, it is necessary that the state have a preponderence of evidence to sustain the charge made. If it has established the charge made to your satisfaction by a preponderance of evidence, then your verdict should be for the plaintiff; if it has not, your verdict should be for the defendant. By a preponderance of evidence is meant that it should be more of a convincing character to the judgment of the jury on that side rather than on the other." It is contended by counsel for the defendant that in this class of cases the jury must be satisfied beyond a reasonable doubt that the defendant is the father of the child. This seems to be the view taken by the supreme court of Wisconsin (Van Tassel v. State, 59 Wis. 351, 18 N. W. 328); but this is the only state that seems to have adopted the rule applicable to criminal cases only. The great weight of authority, however, holds the doctrine laid down by the county court in its instruction. Altschuler v. Algaza (Neb.) 21 N. W. 401; Lewis v.

People, 82 Ill. 104; Strickler v. Grass (Neb.) 49 N. W. 804; Harper v. State, 101 Ind. 109; State v. Romaine, 58 Ia. 46, 11 N. W. 721; Robbins v. Smith, 47 Conn. 182. Following what seems to us to be the great weight of authority, we hold the charge of the court correctly stated the law.

We have carefully examined the other instructions of the court, and, finding no error therein, the judgment of the county court is affirmed.

By Chapter 64, Laws 1893, which took effect on the first Monday of January, 1895, the county courts of this state, in counties containing a population of less than 20,000, were deprived of all jurisdiction, except in matters of probate, guardianship, and settlement of the estates of deceased persons. And Section 4, c. 127, Laws of 1895, this court is required to remand all actions then pending in the supreme court, on appeal from or writ of error to any county court which was thus deprived of jurisdiction, to the circuit court of the county in which such county court was held. This court takes judicial notice of the jurisdiction of inferior courts, organized pursuant to the general laws of the state, within its jurisdiction. Nelson v. Ladd, 4 S. D. 1, 54 N. W. 809. It will therefore take judicial notice that Brown county has a population of less than 20,000, and the county court, therefore, has been deprived of its jurisdiction in this class of cases. This action will therefore be remanded to the circuit court of Brown county for further proceeding in accordance with law.