## STATE v. KNOWLES.

1. Since the bastardy act of 1893, requiring prosecutions to be had in the county court, is in conflict with Laws 1893, Chap. 64, providing that county courts, in counties of less than 20,000 inhabitants, shall have jurisdiction over probate, guardianship, and settlement of estates, only, and there is no provision for prosecutions for bastardy in any other court in such counties, the repealing clause of Laws 1893, Chap. 64, repealing all acts in conflict with it, must be held to repeal the bastardy act of 1893, so far as it relates to counties of less than 20,000 inhabitants; thus leaving Comp. Laws, §§ 5560–5568, in force in such counties, under which bastardy proceedings may be had by filing a complaint in the circuit court.

2. A bastardy proceeding in the circuit court, in a county of less than 20,000 inhabitants, is a civil action, under Code Civ. Proc. Chap. 37 (Comp. Laws. ¿ 5565), providing that such an action shall be tried as a

civil action at law, and hence is reviewable only on appeal, and not by writ of error.

(Opinion filed Feb. 16, 1898.)

Error to circuit court, Brule county; Hon. FRANK B. SMITH, Judge.

Bastardy proceedings. From an order quashing the complaint and discharging defendant, the state brings error. Writ dismissed.

The facts are stated in the opinion.

*S. H. Wright*, for plaintiff in error.

The court had jurisdiction. State v. Bunker, 7 S. D. 639, 65 N. W. 33; Trotter v. Ass'n., 9 S. D. 596, 70 N. W. 844. Bastardy proceedings are *quasi civil* in character. State v. Bunker, *supra*; State v. Scott, 7 S. D. 619, 65 N. W. 31; Baker v. State, (Wis.) 26 N. W. 167; Miller v. State, (Ala.) 20 So. 392.

*Horner & Stewart*, for defendant in error.

The plea to the jurisdiction was properly sustained. State v. Bunker, 7 S. D. 639; §§ 5560–5568, Comp. Laws; Chap. 78, Laws '90; Chap. 24, Laws '93; Chap. 64, Id. The jurisdiction vested in the county court, in bastardy cases, by Chap. 24, Laws '93, was, so far as counties having less than 20,000 inhabitants are concerned, taken away by Chap. 64, Laws of the same year.

This proceeding is not an action, under § 14, Art. 5, Const., but is a statutory proceeding provided for the enforcement of a previously created liability. Sec. 4892, Comp. Laws; State v. Bunker, *supra*; State v. Scott, 7 S. D. 619; State v. Hughes, 8 S. D. 338.

HANEY, J. This case was commenced April 20, 1897, before a justice of the peace in Brule county, by the filing of a verified complaint, wherein it is alleged that an unmarried woman (naming her), a resident of Brule county, was on March 23, 1897, delivered of a male child, which was and is a bastard,

and wherein it is charged that the defendant is the father of such child.  Thereupon the justice issued a warrant for his arrest.  He appeared, waived examination, and was required to enter into an undertaking conditioned upon his appearance at the next term of the circuit court within that county.  Such undertaking was given, and on May 31, 1897, all of the original papers, proceedings before the justice, and the usual transcript were filed in the circuit court, and the cause was placed upon the calendar at the June, 1897, term for trial.  On June 8, 1897, defendant filed in the circuit court the following plea to the jurisdiction of the court:  "Now comes the defendant above named, Frank Knowles, in his own proper person, and pleads to the jurisdiction of this court in the above-entitled action, and prays judgment of this court that the complaint in this case may be quashed, abated, and set aside, and this defendant discharged, for the following reasons:  That this court has no jurisdiction, under the laws and constitution of the state of South Dakota, to hear, try, or determine this action."  After argument of counsel it was ordered that the plea to the jurisdiction be sustained, the complaint quashed, and defendant discharged.  Thereafter the state sued out a writ of error, and removed the proceeding to this court for re-examination and review; alleging that the circuit court erred in sustaining defendant's plea, and in dismissing the complaint.

It was held by this court in State v. Bunker, 7 S. D. 639, 65 N. W. 33, that the bastardy act of 1893 did not create any new liability; and we now hold that it did not operate to repeal Comp. Laws, §§ 5560–5568, inclusive.  Chapter 64, Laws 1893, declares that county courts, in counties having less than 20,000 population (to which class Brule belongs), shall after the first Monday in January, 1895, have "exclusive original jurisdiction in all matters of probate, guardianship and settlement of estates of deceased persons, and no other jurisdiction whatever." It expressly repeals all acts and parts of acts in conflict with itself.  The bastardy act of 1893 provides that proceedings

shall be initiated in justice's court, and further prosecuted in the county court.. We have been unable to discover any act of the legislature authorizing the prosecution of the remedy defined in Chap. 24, Laws 1893, in the circuit court. Having declared that this remedy should not prevail in county courts of certain counties after January, 1895, without giving jurisdiction thereof to the circuit court, the conclusion is irresistible that the legislature intended to repeal the bastardy act of 1893, so far as applicable to counties having less than 20,000 population; that therein, at least, the remedy provided by the bastardy act of 1893 no longer exists; and that the procedure prescribed by Chap. 37, Code Civ. Proc., continues in force. Under its provisions the proceeding is commenced by making a sworn complaint to the circuit court, and the issuance of a summons by the clerk, to be served as in civil actions. Comp. Laws, §§ 5560, 5561. Any person may make and file the complaint. In the case at bar such complaint as the statute contemplates was filed in the circuit court, and it was the duty of the clerk to issue the required summons. Having failed to do so, the court should have denied defendant's application to dismiss the proceedings, and directed that a summons be issued.

But it is contended by defendant that the ruling of the circuit court cannot be reviewed, for the reason that the statute does not authorize the state to sue out a writ of error in cases of this class. The weight of authority, it is apprehended, holds that a writ of error does not lie where a party is entitled to an appeal; and that, too, although the statute giving the right of appeal does not expressly provide that such remedy is exclusive. In such cases the right to a writ of error is considered abolished by implication. 7 Enc. Pl. & Prac. 852. Chapter 37, Code Civ. Proc., is silent on the subject of review, but provides that "the issue on the trial shall be 'guilty' or 'not guilty' and shall be tried as a civil action at law." Comp. Laws, § 5565. We are not aware of any statute authorizing this court to issue writs of error, except in criminal actions;

and, if this were regarded as such, the state could not sue out the writ. Comp. Laws, §§ 7499, 7503. Filing of the sworn complaint in the circuit court was the commencement of a civil action reviewable on appeal. Comp. Laws, § 5214. The proceedings in this court must be dismissed.