STATE OF IOWA ex rel. MINNIE BURKHART, Appellee, v.
RALEIGH FERGUSON, Appellant.

BASTARDS: Presumption—Marriage after Birth of Child. No presumption exists that a man who marries an unmarried woman

with an unweaned infant in her arms is the father of such child.

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

DECEMBER 12, 1919.

DEFENDANT was found guilty in a bastardy proceeding, and appeals.—*Affirmed.*

*Burke & Tamisiea,* for appellant.

*S. H. Cochran* and *P. E. Roadifer,* for appellee.

STEVENS, J.—Minnie Kuhlman, who was then unmarried, was, on May 29, 1914, delivered of an illegitimate child, and, on November 3, 1915, she married Paul Burkhart. On February 2, 1916, a complaint charging defendant with the paternity of the child, and asking judgment in the sum of $3,000, and an order charging the defendant with the maintenance thereof, was filed in the office of the clerk of the district court of Harrison County. A trial was had to a jury, resulting in a verdict of guilty. The defendant, on the trial, denied that he at any time sustained illicit relations with the mother, and sought to show facts from which the jury might infer that Burkhart was the father of the child. The evidence offered was, however, wholly insufficient for that purpose.

Mrs. Burkhart testified that her husband came to see her, about a week after the child was born, at which time a marriage between them was discussed. The sole reliance of defendant for reversal is his contention that Paul Burkhart, by his marriage to the mother of the child, stands to it in the relation of a parent, and that, as the marriage occurred during the period while the child received nourishment from the mother, the doctrine of *State v. Shoemaker,* 62 Iowa 343, to the effect that a party marrying a pregnant

woman is presumed to be the father of the child, is applicable. We fail to find any reason for applying the doctrine of that case to the case at bar. The reason of the rule announced in *State v. Shoemaker,* supra, is stated as follows:

"One who marries a woman known by him to be *enceinte* is regarded by the law as adopting into his family the child at its birth. He could not expect that the mother, upon its birth, would discard the child, and refuse to give it nurture and maintenance. The law would forbid a thing so unnatural. The child, receiving its support from the mother, must, of necessity, become one of her family, which is equally the family of the husband. The child, then, is received into the family of the husband, who stands as to it *in loco parentis.* This being the law, it enters into the marriage contract between the mother and the husband. When this relation is established, the law raises a conclusive presumption that the husband is the father of his wife's illegitimate child. We must not be understood to hold that this rule prevails in cases involving questions of heirship and inheritance. In these cases, the rights of others besides the husband and bastard arise. In this case, the rights and liabilities of the husband and child are alone involved: they rest upon the relations which impose upon the husband the duty of maintaining the child. Our conclusion is supported by public policy, and considerations which work for the peace and well-being of families. A husband who, in the manner we have indicated, has put himself *in loco parentis* of a bastard child of his wife, ought not to be permitted to disturb the family relation, and bring scandal upon his wife and her child, by establishing its bastardy, after he has condoned the wife's offense by taking her in marriage."

But, in this case, no presumption, under the facts, could arise that Paul Burkhart is the father of the child,

and the mere fact that, at the time of the marriage, the child received sustenance from the mother, and presumptively would become a member of the family, does not call for the application of the foregoing rule. No doubt, however, in making an order for the support of the child, this fact should be taken into consideration by the court; but it does not constitute a defense to the charge contained in the information. The relation of the father to the child and society would remain; but, of course, the husband will not, on account thereof, be relieved of the burden assumed by the marriage to the mother of a wholly dependent infant, at least so long as it continues to be a member of the family. *Menefee v. Chesley,* 98 Iowa 55. As bearing upon the question above discussed, see *State v. Romaine,* 58 Iowa 46; *Wallace v. Wallace,* 137 Iowa 37. We have examined the record with care, but find no reversible error therein. The judgment of the court below is, therefore,—*Affirmed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.