COMER, APPELLANT, *v.* COMER ET AL., APPELLEES.[*]

---

[*]Judgment affirmed, 175 Ohio St., 313.

530

(No. 1023—Decided December 4, 1962.)

Mr. James C. Blair, for appellant.
Messrs. Black & Lang and Messrs. Smith, Shellhaas & Kerns, for appellees.

GUERNSEY, P. J.  This is an appeal on questions of law from a judgment of the Common Pleas Court of Logan County, in an action brought under the provisions of Section 2741.01 et seq. of the Revised Code to contest the will of one George F. Comer.  The action was tried to the court, without benefit of jury and over the objection of the plaintiff, appellant herein, Nelson Comer, on the preliminary issue of whether the plaintiff came within the classification of persons prescribed by the statutes as having the right to maintain the action.  In the judgment appealed from the court found on this issue against the plaintiff and ordered the action dismissed.

Evidence was adduced to the effect that plaintiff was born on December 6, 1911, to one Mary Reineke, then unmarried; that the record of birth showed his father to be one Harley Kostorfer (sic); that approximately seven months thereafter, on July 23, 1912, plaintiff was baptized; that the baptismal record showed him to be baptized under the name of Nelson Harley John Comer, was silent as to the name of any father, but showed on the margin thereof the names, Reineke, Rostorfer, and Comer; that prior to the birth of plaintiff his mother had

been courted by one Harley Rostorfer; that prior to the birth the decedent, George Comer lived in the same neighborhood as plaintiff's mother and was acquainted with her; that on January 14, 1913, decedent married plaintiff's mother; that thereafter defendant, Russell L. Comer, was born to this marriage and, except as hereafter appears, plaintiff and defendant were raised as brothers and often referred to by decedent as his "boys" and his "sons"; that on October 31, 1930, plaintiff made application for a marriage license and decedent and plaintiff's mother gave their consent in writing to the proposed marriage as "parents" of plaintiff; that shortly prior to his death in 1960 decedent executed a will in which he referred to plaintiff as his stepson; and that during the lifetime of decedent various equivocal declarations were made by him as to whether he was the father of plaintiff and expressions were made by relatives of both plaintiff's mother and decedent as to plaintiff's pedigree.

Appellant assigns error of the trial court in the following particulars:

"1. For error of the court in determining as a matter of law that the plaintiff did not have the interest required to maintain a will contest action.

"2. The trial court erred in depriving the appellant of a jury trial on the issue of whether or not appellant was an heir-at-law of George Comer.

"3. For error in the admission of evidence over the objection of plaintiff.

"4. The findings, conclusions and judgment of the trial court are against the manifest weight of the evidence."

On the hearing of this appeal plaintiff conceded that under existing authority and on the circumstances of this case he would have no right to contest the will of decedent unless his relationship to decedent was that of a natural son. We accept this concession of plaintiff and do not further consider the first assignment of error.

With respect to the second assignment of error the case of *Zinn* v. *Ferris, Exr.*, 15 C. C. (N. S.), 148, 24 C. D., 113, which was affirmed by the Supreme Court without opinion in 88 Ohio St., 555, is the controlling authority. It was held in that case that the question of whether plaintiff has a right to

pursue a will contest action is properly tried by the trial court as a preliminary issue and without the benefit of a jury. See, also, *Wilson* v. *Wilson*, 8 Ohio App., 258. With reference to the third assignment of error we are likewise in agreement that same has no merit.

The validity of the fourth assignment of error depends upon the application of the rules set forth by the Supreme Court of Ohio in the case of *Eichorn* v. *Zedaker*, 109 Ohio St., 609, wherein the court held:

"By virtue of Section 8591, General Code, in order to establish legitimacy of a child born out of wedlock, it is necessary to prove not only the acknowledgment by the husband after marriage, but also that the husband is in fact the father of such child. An acknowledgment, clearly and unequivocally made, showing the recognition of such child as his child, is sufficient to establish the parentage."

The majority of this court are of the opinion that the first sentence of this syllabus sets forth a substantive rule of law and that the second sentence thereof sets forth merely a rule of evidence applicable to the rule of law. We are further of the opinion that it is implicit in this rule of evidence that the same shall apply to satisfy the requirements of the rule of law only when there is no evidence of probative value to the contrary. In arriving at this conclusion we are mindful of the words of Chief Justice Marshall in his opinion in this case, at page 619:

"* * * An examination of the many cases cited and some not cited discloses that, while in many states it is necessary to establish paternity, yet in no case where the governing statute is similar to the Ohio statute is it stated that clear and unequivocal acknowldgment is not evidence of paternity, or that such acknowledgment is not sufficient proof in *the absence of rebutting testimony*.

"* * * This record clearly showing the finding that J. F. Eichorn repeatedly acknowledged Killian as his son, and the record showing no competent evidence of nonaccess, *we are not called upon to determine whether a clear unequivocal acknowledgment would establish the status of legitimacy in the face of clear evidence of nonaccess*." (Emphasis added.)

In the instant case even were we to consider that any one

or more of the declarations of decedent were, in themselves, unequivocal (which we do not decide) there was other evidence of probative value and affirmative in character to the effect that that plaintiff was not the natural son of decedent. On this state of the evidence reasonable minds could differ as to the inferences to be drawn therefrom. Under such circumstances this court cannot, as a matter of law, arrive at a different conclusion on the evidence than did the trial court. *State, ex rel. Squire, Supt.,* v. *City of Cleveland,* 150 Ohio St., 303.

Our conclusions are not altered by the usual policy of the law in favor of the legitimacy of children. As stated in the leading case of *Miller* v. *Anderson,* 43 Ohio St., 473, the conclusive presumption of legitimacy does not apply when the marriage takes place after the infant's birth, and even when marriage takes place before birth the conclusive presumption is not applicable to matters of heirship and inheritance where the rights of persons other than the child are involved.

For these reasons it is the opinion and conclusion of the majority of this court that the trial court did not commit any prejudicial error in the particulars assigned and that the judgment of the trial court must, therefore, be affirmed.

*Judgment affirmed.*

MIDDLETON, J., concurs.

YOUNGER, J., dissenting. I must dissent from the majority opinion in this case because of a difference of opinion as to the evidence and as to the conclusions and presumptions to be drawn thereform. In addition to the facts as stated in the majority opinion I would add two further matters that are undisputed. The first is that when the decedent and plaintiff's mother gave their consent to plaintiff's marriage it was given, in the words of such consent, "in proceedings before the judge." The law at that time permitted such consent to be given either in open court or in the presence of two witnesses, one of whom should appear in open court and testify that he witnessed the signatures of the parents and that the signatures were genuine and that the consent to the marriage was freely given. The decedent therefore publicly and in open court ad-

mitted parentage of the plaintiff. The second additional fact I would call attention to is the testimony of a sister of plaintiff's mother that she accompanied plaintiff's mother and the plaintiff to Holy Angels Church in Sidney at the time of plaintiff's baptism some seven months after his birth; that she held plaintiff in her arms in the church while plaintiff's mother had a private conference with the priest; that after such conference plaintiff's mother and the priest entered the church and plaintiff was baptized according to the rite of the Roman Catholic Church under the name of "Nelson Harley John Comer," as shown by a certified copy of such baptismal record introduced in evidence. Of course we do not know what plaintiff's mother told the priest. However, it is significant that after this conference and after the baptism the priest wrote upon the margin of the baptism record the names "Reineke, Rostorfer, Comer" although the name of the father was left blank in the certificate.

In my opinion the undisputed facts in this case show that the decedent, George Comer, by his own acts and admissions, made an acknowledgment that the plaintiff, Nelson Comer, was in fact his son. Such admission was unequivocal and being unequivocal can be overcome only by evidence which is clear and convincing. We have no such evidence in this case. The evidence which the majority opinion relies upon is hearsay. Such hearsay evidence was properly admitted by the trial court as an exception to the hearsay rule because as a practical matter and of necessity matters of family tradition and pedigree are provable by hearsay as an exception to the hearsay rule. However, the fact that such hearsay is admissible and may be taken into consideration by the trial court does not permit such evidence to rise any higher than that which it purports to be and therefore even though admissible it is still hearsay. I grant that considering the oral evidence only, reasonable minds might come to different conclusions and that if reasonable minds could come to different conclusions upon the evidence it is the duty of this court to affirm the judgment of the trial court.

My position is that admissions of paternity cannot be overcome by hearsay evidence even though admissible and upon which reasonable minds may differ even though such evidence may be considered to be probative and positive in nature. Evidence to overcome an unequivocal admission of paternity must

be more than merely probative or positive. It must be clear and convincing.

Admission of paternity is not a minor or a trifing act. It cannot be turned on or off to suit the convenience or the whims of the person so making it or in meeting the exigencies of various situations arising during his life.

Since the decedent married the plaintiff's mother after his birth, raised the plaintiff as his own son, referred to him time after time as his "boy" and as his "son"; since he consented to his marriage as his father in writing in Probate Court in proceedings before the judge; he during his lifetime in my opinion made unequivocal admissions of parentage which cannot be negatived by a reference to him in his last will and testament as his stepson without evidence that he was in fact not his own son, which is clear and convincing. Such evidence is lacking in the record before us. Hearsay evidence even though admissible as an exception to the hearsay rule may preponderate one way or the other and it may tend to rebut but it cannot overcome the direct, positive and written evidence which the record before us discloses.