Gibson, J.
The appellant contends that he is entitled to a jury trial on the issue of whether he is an heir-at-law of George F. Comer, the testator. In Ohio the right to contest the validity of a will is wholly and exclusively a creature of statute. Fletcher v. First National Bank of Zanesville, Exr. (1958), 167 Ohio St., 211; Andes v. Shippe, Exr. (1956), 165 Ohio St., 275. Consequently, if appellant is entitled to a jury trial on the issue of whether he is an heir-at-law of George F. Comer, there must be a statutory provision granting such right. The controlling statute (Section 2741.04, Revised Code), as it read when the petition in the will contest was filed, provided in pertinent part:
“In an action under Section 2741.01 of the Revised Code, an issue must be made up, either by pleadings or an order on the journal, whether or not the writing produced is the last will or *315 codicil of the testator, which issue shall be tried by a jury.” (Emphasis supplied.)
By the plain terms of Section 2741.04 the only issue which is to be tried by a jury is whether the writing produced is the last will or codicil of the testator. Appellant argues, however, that whether he is an heir-at-law of George F. Comer is an issue of fact which must be determined by a jury. In support of this position appellant relies upon First Presbyterian Society of Township of Gallipolis v. Smithers (1861), 12 Ohio St., 248, where it is indicated in the syllabus that plaintiffs’ legal capacity to sue was an issue properly triable by a jury, and upon Walker v. Walker (1862), 14 Ohio St., 157, where the syllabus indicates it is error to render final judgment on a demurrer to an answer filed in a will contest. It is sufficient to note that Smithers was not a will contest, hence Section 2741.04, Eevised Code, or its antecedents were not involved, and that this case does not arise out of a ruling on demurrer to an answer as in Walker. Further, in Walker there was no question as to the interest of a will contestant.
In the instant case, the court heard, as a preliminary matter without a jury, evidence relative to whether appellant is an heir-at-law of the testator. The only dispute was over the conclusion to be drawn from the facts. This is clearly a preliminary question for the court’s determination, since it does not involve the question of whether the writing produced is the last will or codicil of the testator. See Zinn v. Ferris, Exr. (1912), 15 C. C. (N. S.), 148, affirmed without written opinion, 88 Ohio St., 555; Wilson v. Wilson (1917), 8 Ohio App., 258; Arnold v. Pease (1914), 24 O. D., 41, 17 N. P. (N. S.), 225.
Although the appellant states as his contention that the court erred in determining that an acknowledgment of paternity by a father can be nullified by hearsay evidence, in fact he is asking this court to review the eyidence for the purpose of deciding whether the Court of Common Pleas and the Court of Appeals were right in concluding that he does not have sufficient interest to maintain the will contest because he is not an heir-at-law of the testator.
As provided by Section 2105.18, Eevised Code, when a man has a child or children by a woman and afterwards inter *316 marries with her, such issue, if acknowledged by him as his child or children, will be legitimate. This court in Eichorn v. Zedaker (1924), 109 Ohio St., 609, in construing the statutory provisions antecedent to Section 2105.18, Revised Code, indicated that a child born illegitimately is not legitimated solely because a man subsequently intermarries with the mother of the child and acknowledges the child to be his own. The man who does these things must in faet be the father of the child before it is legitimated. The second paragraph of Section 2105.18 prescribes a method of legitimating the natural child of a father, which was not observed by the testator here. Without reviewing the evidence in detail, it should be noted that appellant’s birth certificate, which under Section 3705.05, Revised Code, is “prima facie evidence in all courts and places of the facts therein stated,” shows one Harley Kostorfer to be his father. And further documentary evidence, such as the will itself, wherein the appellant is designated as “my step son” after “my son” was written and stricken, supports the conclusion of the lower courts that George F. Comer was not the appellant’s father.
Having found that there was no error in the conclusion that appellant had insufficient interest to maintain the will contest because he is not the testator’s heir-at-law, and that appellant was not wrongfully denied a trial by jury on such issue, it follows that the judgment of the Court of Appeals should be affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill and Griffith, JJ., concur.
Herbert, J., concurs in paragraph one of the syllabus and in the judgment.